UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB ALEXZANDER WOODS,<br><br>  Petitioner,<br><br>v.<br><br>RONALD OLIVER, et al.,<br><br>  Respondents. | Case No. 2:25-cv-01765-APG-EJY<br><br>**Service and<br>Appointment Order**<br><br>[ECF No. 11] |

*Pro se* Petitioner Jacob Alexzander Woods submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, moved for the appointment of counsel, and filed a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 4, 5 ("Petition"). I granted the IFP application, deferred ruling on the motion for the appointment of counsel, and directed Woods to show cause why the Petition should not be dismissed without prejudice as partially unexhausted. ECF No. 7. The Clerk of the Court transferred another motion for appointment of counsel and IFP motions that Woods filed in a different case. ECF Nos. 6, 8, 9. Woods then filed his response to the Order to Show Cause. ECF No. 11. For the reasons discussed below, I deny the IFP motions as moot, direct that the Petition be served on Respondents, and appoint counsel to represent Woods.

I.     BACKGROUND[1]

On July 14, 2023, the Nevada state court entered a judgment of conviction, pursuant to a jury verdict, convicting Woods of being a felon in possession of a firearm. *State v. Jacob Alexander Woods*, CR22-0242. Woods was sentenced to 28 to 72 months in prison. Woods appealed, and the Nevada Supreme Court affirmed on December 11, 2024, rejecting Woods'

---

[1] I take judicial notice of the online docket records of the Nevada appellate courts and Second Judicial District Court, accessible at https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

claim that there was insufficient evidence to sustain his conviction. *Jacob Alexzander Woods v. State of Nevada*, No. 87123. Remittitur issued on January 2, 2025. It does not appear that Woods has sought habeas relief from the state court, and his time for doing so is set to expire soon.

In his instant Petition, Woods alleges (1) there was insufficient evidence to sustain his conviction, (2) his trial was fundamentally unfair due to the improper joinder of charges, and (3) his trial counsel was ineffective. ECF No. 5.

## II.   DISCUSSION

I previously noted that only Wood's first ground for relief—his claim that there was insufficient evidence to sustain his conviction—appears to be exhausted. As such, because a federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for *all* claims in the petition, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), I directed Woods to show cause to explain why his Petition should not be dismissed without prejudice as partially unexhausted. ECF No. 7. I explained that Woods could (1) move to dismiss his Petition without prejudice to allow him to file his state habeas petition to exhaust his unexhausted claims, (2) move for a stay of his Petition to allow him to file his state habeas petition to exhaust his unexhausted claims, or (3) move to voluntarily dismiss grounds 2 and 3 and proceed only on ground 1. *Id*. In his response to the Order to Show Cause, Woods explains that (1) he has been having medical issues, resulting in him being sent to outside hospitals, (2) he filed a state habeas petition, but the state court apparently refused to file it and instead sent him a federal habeas petition to file in this Court, and (3) he is unsure of how to proceed given that he is worried about being time barred in this Court. ECF No. 11.

I defer ruling on the exhaustion issue given, as discussed below, I grant Woods' motion for appointment of counsel, meaning an amended petition will likely be filed and may make Woods' partially unexhausted Petition moot. In this vein, I direct that the Petition be served on Respondents.

Turning to the motion for appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). I provisionally appoint the Federal Public Defender to represent Woods, finding that the appointment of counsel is in the interests of justice given, among other things, (1) Woods' lack of legal resources as a result of his medical problems, (2) the fact that Woods has apparently attempted to file a state habeas petition but such petition has not been docketed, and (3) Woods' looming deadline to file his state habeas petition.

**III.   CONCLUSION**

I THEREFORE ORDER that the applications to proceed IFP **[ECF Nos. 6, 8] are denied as moot**.

I FURTHER KINDLY ORDER that the Clerk of Court (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (2) electronically provide

Respondents' counsel a copy of the Petition (ECF No. 5), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing, (3) send the Federal Public Defender a copy of this Order, the Petition (ECF No. 5), and all items previously filed in this case, and (5) send a copy of this Order to Woods and the CJA Coordinator for this division.

I FURTHER ORDER that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order. No further response will be required until further order.

I FURTHER ORDER that the motion for appointment of counsel **(ECF No. 9) is granted**. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Woods by filing a notice of appearance or (2) indicate the office's inability to represent Woods in these proceedings. If the Federal Public Defender is unable to represent Woods, the Court will appoint alternate counsel. Appointed counsel will represent Woods in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

I FURTHER ORDER that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Amended Petition are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

Dated: November 14, 2025

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE